#400 JS

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA
## PHILADELPHIA DIVISION

PATRICK CLARK,

    Plaintiff,

v.

CASE NO.: **18 1394**

VERIZON COMMUNICATIONS, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, PATRICK CLARK, by and through the undersigned counsel, and sues Defendant, VERIZON COMMUNICATIONS, INC., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like Defendant from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the auto-dialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7. The alleged violations described herein occurred in Philadelphia County, Pennsylvania. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Pennsylvania, residing in Philadelphia County, Pennsylvania.

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant is a corporation which was formed in Delaware with its principal place of business located at 1095 Avenue of Americas New York, NY 10036 and which conducts business in the State of Pennsylvania through its registered agent, CT Corporation System Philadelphia, located at Two Commerce Square, 2001 Market Street, 5th Floor, Philadelphia, Pennsylvania 19103.

11. Defendant called Plaintiff approximately five hundred (500) times in an attempt to solicit their services to Plaintiff.

12. Plaintiff is the subscriber, regular user, and carrier of the cellular telephone number (215) ***-0992 and was the called party and recipient of Defendant's calls.

13. Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following telephone number: (800) 837-4966.

14. Upon information and belief, some or all of the calls Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "auto-dialer calls"). Plaintiff will testify that he knew it was an auto-dialer because of the vast number of calls he received and because he heard a pause when he answered his telephone from Defendant.

15. On several occasions over the last four (4) years, Plaintiff instructed Defendant's agents/representatives to stop calling his cellular telephone.

3

16.     In or about July 2017, Plaintiff contacted Defendant interested in finding out pricing for their cable services, to compare to his current cable provider. Plaintiff decided that the price Defendant gave was not going to work for him and made the decision to stay with his current cable provider.

17.     In or about August 2017, Plaintiff answered a call to his aforementioned cellular telephone number from Defendant, was met with a pause, however no live agent/representative came on the line. Plaintiff could hear what he described as "call center sounds", phones ringing and typing, however he was unable to speak to a live agent/representative of Defendant to demand that the calls to his cellular telephone cease.

18.     In or about August 2017, Plaintiff returned a call to Defendant at the phone number from which the call was initiated, (800) 837-4966, and spoke with a female agent/representative of Defendant and demanded that the calls from Defendant to his cellular telephone cease immediately. The agent/representative of Defendant informed Plaintiff that she would have his demand taken care of.

19.     Despite clearly and unequivocally revoking any consent Defendant may have believed they had to call Plaintiff on his cellular telephone, Defendant continued to place automated calls to Plaintiff.

20.     In or about August 2017, Plaintiff again was unable to connect to a live agent/representative of Defendant when answering the harassing automated calls to his cellular telephone so Plaintiff dialed the number which the calls were initiated from and told the female agent/representative that he has previously asked for the calls to stop, yet they continue. Plaintiff then demanded to be removed from any call list and for all calls from Defendant to cease. The agent/representative informed Plaintiff that there was nothing she could do to prevent the calls at

which point Plaintiff asked to speak to a supervisor and was transferred to a line that never picked up.

21. Plaintiff's numerous conversations with Defendant's agents/representatives over the telephone wherein he demanded a cessation of calls were in vain as Defendant continues to bombard him with automated calls unabated.

22. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

23. Due to the tremendous volume of calls Plaintiff received over a lengthy period of time, he was not able to properly catalogue each and every call, however attached hereto as **Exhibit A** is a small sampling of some of the automated calls Plaintiff received to his cellular telephone from Defendant.

24. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

25. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the number.

26. Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant they do not wish to be called.

27. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

28. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call despite being requested to stop.

29. Defendant has had numerous complaints against them from consumers across the country asking to not be called, however Defendant continues to call these individuals.

30. Defendant's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from Defendant's call list.

31. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

32. Not one of Defendant's telephone calls placed to Plaintiff was for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

33. Defendant willfully and knowingly violated the TCPA with respect to Plaintiff.

34. From each and every call placed without express consent by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

35. From each and every call without express consent placed by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of the occupation of his cellular telephone line and cellular telephone by unwelcome calls, making the telephone unavailable for legitimate callers or outgoing calls while the telephone was ringing from Defendant's call.

36. From each and every call placed without express consent by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of unnecessary expenditure of his time. For calls he answered, the time he spent on the call was unnecessary as he repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the telephone and deal with missed call notifications and call logs that reflect the unwanted calls. This also

impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

37. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the telephone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

38. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone resulted in the injury of unnecessary expenditure of Plaintiff's cellular telephone's battery power.

39. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone where a voice message was left which occupied space in Plaintiff's telephone or network.

40. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular telephone and his cellular telephone services.

41. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, distress, trouble sleeping and aggravation.

## COUNT I
### (Violation of the TCPA)

42. Plaintiff fully incorporates and re-alleges paragraphs one (1) through forty one (41) as if fully set forth herein.

43. Defendant willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff wished for the calls to stop

44. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

Octavio Gomez, Esquire
Pennsylvania Bar No.: 325066
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 225-6745
Facsimile: (813) 559-4848
Primary Email: TGomez@ForThePeople.com
Secondary Email: LDobbins@ForThePeople.com
*Attorney for Plaintiff*

*Octavio Gomez*

# Call Log for (215) ***-0992

| Date of Call: | Time of Call: | Phone Number: |
|---|---|---|
| 8/25/17 | 5:23 pm | 800-837-4966 |
| 8/25/17 | 5:44 pm | 800-837-4966 |
| 8/25/17 | 5:44 pm | 800-837-4966 |
| 8/25/17 | 6:00 pm | 800-837-4966 |
| 8/25/17 | 6:33 pm | 800-837-4966 |
| 8/25/17 | 6:33 pm | 800-837-4966 |
| 8/25/17 | 7:37 pm | 800-837-4966 |
| 8/25/17 | 7:37 pm | 800-837-4966 |
| 8/25/17 | 7:41 pm | 800-837-4966 |
| 8/25/17 | 8:38 pm | 800-837-4966 |
| 8/25/17 | 9:34 pm | 800-837-4966 |
| 8/25/17 | 10:09 pm | 800-837-4966 |
| 8/25/17 | 10:13 pm | 800-837-4966 |
| 8/25/17 | 10:41 pm | 800-837-4966 |
| 8/25/17 | 11:25 pm | 800-837-4966 |
| 8/25/17 | 11:37 pm | 800-837-4966 |
| 8/25/17 | 11:39 pm | 800-837-4966 |
| 8/25/17 | 11:45 pm | 800-837-4966 |
| 8/26/17 | 12:30 am | 800-837-4966 |
| 8/26/17 | 1:57 pm | 800-837-4966 |
| 8/26/17 | 2:15 pm | 800-837-4966 |
| 8/26/17 | 2:49 pm | 800-837-4966 |
| 8/26/17 | 3:56 pm | 800-837-4966 |
| 8/26/17 | 5:25 pm | 800-837-4966 |
| 8/26/17 | 5:45 pm | 800-837-4966 |
| 8/26/17 | 7:15 pm | 800-837-4966 |
| 8/26/17 | 8:04 pm | 800-837-4966 |
| 8/26/17 | 8:18 pm | 800-837-4966 |
| 8/26/17 | 8:20 pm | 800-837-4966 |
| 8/26/17 | 8:49 pm | 800-837-4966 |
| 8/27/17 | 12:20 pm | 800-837-4966 |
| 8/27/17 | 12:41 pm | 800-837-4966 |
| 8/27/17 | 1:21 pm | 800-837-4966 |
| 8/27/17 | 2:00 pm | 800-837-4966 |
| 8/27/17 | 3:27 pm | 800-837-4966 |
| 8/27/17 | 3:38 pm | 800-837-4966 |
| 8/27/17 | 4:05 pm | 800-837-4966 |
| 8/27/17 | 4:08 pm | 800-837-4966 |
| 8/29/17 | 6:41 pm | 800-837-4966 |
| 8/30/17 | 3:51 pm | 800-837-4966 |
| 8/30/17 | 5:30 pm | 800-837-4966 |
| 8/30/17 | 8:47 pm | 800-837-4966 |
| 8/30/17 | 10:50 pm | 800-837-4966 |
| 8/31/17 | 3:30 pm | 800-837-4966 |

**Exhibit A**